UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00105

**Jean Joseph**
*Plaintiff,*

v.

**Dennis K. Hood and Greenwood Motor Lines, Inc., d/b/a R+L Carriers,**
*Defendants.*

Before BARKER, *District Judge*

### ORDER

On March 23, 2019, plaintiff filed this negligence and vicarious liability action after a June 2017 tractor-trailer collision. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Over the next several months, defendants filed motions to dismiss some of plaintiff's claims (Docs. 6 and 13) and plaintiff amended his complaint twice (Docs. 10 and 25). In his live pleading, plaintiff asserts negligence and negligence per se claims against defendant Hood, and vicarious liability and negligence claims against defendant R+L Carriers. Doc. 25. Shortly after plaintiff filed his second amended complaint, defendants filed a motion to dismiss plaintiff's direct negligence claim against R+L pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 31. Defendants' earlier motions to dismiss also challenged the direct negligence claim against R+L. *See* Docs. 6 and 13.

The magistrate judge issued a report (Doc. 47) recommending that the court grant defendant's motion and dismiss plaintiff's direct negligence claims against R+L with prejudice. Plaintiff then filed written objections to the report. Doc. 54. The court reviews objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ.

P. 72(b)(3); 28 U.S.C. § 636(b)(1) The court conducting a de novo review examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Plaintiff objects to three of Judge Mitchell's findings and recommendations. First, plaintiff contends that the report mischaracterizes his direct negligence claims against R+L as negligent hiring, retention, and supervision claims—claims that plaintiff alleged in his original complaint but removed from his live pleading. Second, plaintiff claims that the report holds his complaint to a higher pleading standard than required by *Twombly* and *Iqbal*. Third, plaintiff argues that Judge Mitchell's recommendation to dismiss plaintiff's claim *with prejudice* is in error. For the reasons below, the court **overrules** plaintiff's objections.

Plaintiff's first objection argues that the magistrate judge erred "to the extent that [she] based her Report and Recommendations on claims that Plaintiff withdrew long ago." Doc. 54. Those now-withdrawn claims are negligent hiring, training, and retention. This objection overlaps significantly with plaintiff's second objection—that the magistrate judge held plaintiff's claims to a higher standard than required by *Twombly* and *Iqbal*. Indeed, both objections entitle plaintiff to de novo review on the same topics: whether plaintiff's amendment complaint satisfies the Rule 8(a)(2) pleading standard and whether plaintiff has stated a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). As such, the court will review those objections together.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When challenged by a Rule 12(b)(6) motion, a complaint's factual allegations "must be

enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires a plaintiff to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim has facial plausibility when "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" then plaintiff is not entitled to relief. *Id*. at 679. In reviewing defendants' 12(b)(6) motion, the court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009).

Defendants moved to dismiss plaintiff's direct negligence claims against R+L pursuant to Rule 12(b)(6). Doc. 31. This case arises from a collision between two tractor-trailers. Plaintiff, one of the tractor-trailer drivers, alleges that he was injured after defendant Hood's tractor-trailer collided with his own. At the time of the accident, Hood worked for defendant R+L Carriers. Although plaintiff has alleged several claims against both defendants, only his direct negligence claim against R+L is at issue here.

Plaintiff contends that R+L was directly negligent for his injuries because the Federal Motor Carrier Safety Regulations "impose upon R+L Carriers the legal duty to require its drivers to comply with the [regulations]." Doc. 25 at ¶ 24 (citing 49 C.F.R. § 390.11). In addition, plaintiff argues that "Hood's duty to operate the tractor-trailer at issue herein in accordance with the laws, ordinances, and regulations of the State of Texas applies equally to Defendant R+L Carriers." *Id.* According to the complaint, R+L breached this duty because defendant Hood failed to operate his tractor-trailer in compliance with various laws and regulations. More specifically, plaintiff claims that R+L breached its duty by: (1) failing to train and properly supervise Hood in accordance with regulations; (2)

failing to ensure that Hood "kept a proper lookout in the operation" of his vehicle; (3) allowing Hood to operate his vehicle without regard for the safety and welfare of other persons or property; (4) failing to ensure that Hood paid reasonable attention at the time of the accident; (5) failing to ensure that Hood properly and timely applied his brakes; and (6) failing to ensure that Hood drove at a reasonable speed. Doc. 25 at ¶ 26(a-f). Plaintiff then concludes that these acts or omissions "proximately caused the subject collision and Plaintiff's injuries and damages." *Id.* at ¶ 27.

As a matter of law, plaintiff's contentions are insufficient to establish a claim for direct negligence against R+L. Under Texas law, negligence consists of three elements: duty, breach, and damages proximately caused by that breach. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). As a motor carrier, R+L's duty under Texas law is to "take steps to prevent injury to the driving public by determining the competency of a job applicant to drive one of its trucks." *Morris v. JTM Materials*, Inc., 78 S.W.3d 28, 49 (Tex. App. 2002). But plaintiff has failed to plead facts showing that R+L breached this duty. Indeed, plaintiff supports its allegations with only legal conclusions. As outlined above, plaintiff offered six arguments describing R+L's purported breach. Yet plaintiff offered no facts supporting those arguments. Instead, plaintiff concludes that at least one of its arguments must be true because there was a collision. This is incorrect. Plaintiff cannot make a facially plausible argument that R+L breached its duty if the only basis for that argument is that (1) a collision occurred, and (2) if Hood is responsible for that collision, R+L is directly negligent for its employee's role.

As a result, plaintiff's theory of R+L's duty and breach is insufficient. He concludes that because Hood "failed to comply with the laws, ordinances, and regulations of the State of Texas when the subject collision occurred, it is likely that whatever training Defendant R+L Carriers provided

Defendant Hood regarding such laws, ordinances, and regulations (if any) was deficient." Doc. 25 at ¶ 25. This is not a factual allegation, but instead a "naked assertion," raising only the "sheer possibility" that R+L acted unlawfully. *See Iqbal*, 556 U.S. at 678. Plaintiff is not expected to meet a probability requirement, but he must plead facts that are more than "merely consistent with" R+L's liability. *See id.* Because plaintiff has failed to do so, his complaint "stops short of the line between possibility and plausibility," and fails to meet the Rule 8(a)(2) standard.

Lastly, plaintiff objects to the Judge Mitchell's recommendation that his negligence claim against R+L be dismissed with prejudice. A court will ordinarily give plaintiffs "at least one opportunity to cure pleading deficiencies." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The court will dismiss a claim with prejudice, however, "if the defects are incurable or the plaintiffs have already alleged their best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998). Moreover, if Rule 12(b)(6) dismissal is proper and a plaintiff is "aware of the defendants' objections to their complaint as written," the court can dismiss plaintiff's claim with prejudice if plaintiff failed to proffer a forthcoming cure to the defect. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003).

Here, plaintiff has filed three complaints (Docs. 1, 10, and 25) and defendants have filed three motions to dismiss (Docs. 6, 13, and 31). In each motion to dismiss, defendants argued that plaintiff failed to state a valid direct negligence claim against R+L. Despite plaintiff's repeated attempts to fix its deficiencies, the court has concluded that it failed to do so. In addition, plaintiff's objection does not proffer a proposal for correcting this deficiency. Instead, plaintiff argues that he should not be barred from reasserting negligence claims against R+L "should new information become available."

Doc. 54. Plaintiff's response to the instant motion similarly acknowledges that "[d]efendants have provided authorities that permit the District Court to dismiss claims with prejudice to their refilling." Doc. 32. As such, plaintiff's direct negligence claim against R+L is dismissed with prejudice to its refilling.

For the foregoing reasons, the court overrules plaintiff's objections and **adopts** the magistrate judge's report. Defendants' motion to dismiss (Doc. 31) is **granted with prejudice** pursuant to Rule 12(b)(6).

*So ordered by the court on March 6, 2020.*

J. Campbell Barker
United States District Judge